**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1221
_____

UNITED STATES OF AMERICA

v.

JONATHON LEE CABALLERO,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-08-cr-00073-005)
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2010

BEFORE: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: June 17, 2010)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

    Jonathon Caballero appeals the District Court's judgment of conviction and

sentence.  Counsel for Caballero has filed a brief, pursuant to *Anders v. State of*

*California*, 386 U.S. 738 (1967), claiming that this appeal presents no non-frivolous issues, and seeking permission to withdraw as counsel in this case. Caballero also submitted a pro se letter brief. For the reasons that follow we will affirm the District Court's judgment of conviction and sentence, and we will grant counsel's motion to withdraw.

On September 2, 2008, Caballero pleaded guilty to attempted robbery, in violation of 18 U.S.C. § 2113(a), and to possessing, brandishing, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii). The District Court sentenced Caballero to a total of 177 months of imprisonment: 57 months for the attempted robbery charge, and a consecutive term of 120 months for the firearm charge. Finally, the District Court fined Caballero $1,500 and assessed him $200.

Our examination of an *Anders* brief focuses upon whether counsel has both thoroughly scrutinized the record for issues that could be appealed, and properly explained why all such issues are wholly frivolous. We also review the record ourselves to make an independent evaluation. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

On appeal, counsel notes that Caballero challenges the reasonableness of his sentence. Yet, as counsel states, the record makes clear that the District Court considered the plea agreement, the presentence report, and the factors enumerated in 18 U.S.C. § 3553(a). Pursuant to the joint stipulation of the parties, the District Court did not apply a

five-level weapon enhancement, resulting in a total offense level of nineteen rather than twenty-four. This was done to avoid a sentencing disparity among the defendants, which was an unintended result of Caballero's plea to attempted robbery. Moreover, the District Court varied from the guidelines due to Caballero's cooperation and his acceptance of responsibility for the crime. The District Court sentenced him to 57 months, the low end of the guideline range after the variance, for the attempted robbery charge and 120 months, the mandatory minimum, for the firearm violation. We conclude that the District Court properly calculated the sentences. Finally, the District Court ordered Caballero to pay $1,700, which included a $1,500 fine that was below the guideline range. From this record, we agree with counsel that the District Court was reasonable.

Counsel next addressed Caballero's contention that, by sending him back to state prison to complete previous sentences, the federal prison relinquished jurisdiction over him. Caballero does not challenge the judgment or sentence against him here, but rather asserts improper administration of the sentence. As a result, we agree with Caballero's counsel that the issue is improperly raised in this direct appeal.

Finally, after counsel filed the *Anders* brief, Caballero filed a pro se letter brief. Caballero appears to take issue with the 120-month sentence because he did not discharge the firearm during the crime. Rather, it was an accomplice who shot the gun. While this issue is essentially a reiteration of Caballero's fairness arguments already articulated by counsel, out of an abundance of caution we review it separately.

3

The record shows that the District Court explained, and Caballero acknowledged, his criminal liability for the discharge of a firearm in furtherance of a crime of violence, even though an accomplice shot the gun. Moreover, Caballero admitted to carrying a firearm, and did not object to the prosecutor's recitation of facts, which included a statement that Caballero pointed a gun to the head of a bank teller and demanded money. Finally, the District Court plainly stated to Caballero, more than once, that his plea of guilty to discharging a firearm during a crime of violence carried a mandatory term of no less than ten years of imprisonment. To the extent that Caballero is asserting that the 120-month sentence is unreasonable, or that he was unaware of the consequences of his plea, we conclude in light of the record that such claims are completely unsupported.

After our review of counsel's brief, Caballero's pro se brief, and our independent examination of the entire record we conclude that there are no non-frivolous appealable issues in this case. Accordingly, we will affirm the District Court's judgment of conviction and sentence and, in a separate order, grant counsel's motion to withdraw.

4